# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 08-504V**
**(Not to be Published)**

* * * * * * * * * * * * * * * * * * * * * * * * *
R.V. *and* E.V. *parents and natural guardians of* L.V., *a minor*,

Petitioners,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.
* * * * * * * * * * * * * * * * * * * * * * * * *

Filed: May 10, 2016

Special Master Corcoran

Ruling; Motion for Redaction; Entitlement Decision; Influenza ("Flu") Vaccine; Autism Spectrum Disorder ("ASD").

*Robert Krakow*, Law Office of Robert J. Krakow, New York, NY, for Petitioners.

*Heather Pearlman*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## Ruling on Motion to Redact[1]

On July 11, 2008, Petitioners filed this action on behalf of their minor child, L.V., seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioners alleged that L.V. suffered an autoimmune encephalopathy as a result of his receipt of the influenza ("flu") vaccine that, in conjunction with his underlying mitochondrial disease, caused him to develop an Autism Spectrum Disorder ("ASD").

[1] Because this ruling contains a reasoned explanation for my action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published ruling's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole ruling will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758 (codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012)) ("Vaccine Act" or "the Act"). E-Government Act of 2002, 44 U.S.C. § 3501 (2012). For purposes of brevity, all subsequent references to sections of the Act herein shall omit the 42 U.S.C. §§ 300aa prefix.

An entitlement hearing was held in this case on April 13-14, 2015. I recently issued a decision denying L.V. compensation under the Vaccine Program. Decision, filed Feb. 19, 2016 (ECF No. 160) (the "Entitlement Decision"). Petitioners have now requested, pursuant to Vaccine Rule 18(b), that I redact portions of the Entitlement Decision, including their names, case number, and other personal information that links the identity of Petitioners to private medical information. Mot. for Redaction ("Mot.") (ECF No. 161). For the reasons stated below, I hereby grant in part Petitioners' motion.

**Procedural Background**

Petitioners filed the present motion on March 3, 2016, requesting that their names be redacted from the Entitlement Decision, along with the case number and other personal identifying information contained therein. Mot. at 2. Petitioners argued that absent redaction, disclosure of certain information contained in the published decision "would constitute a clearly unwarranted invasion of privacy." *Id*. But the motion largely invoked as it rationale Petitioners' concern for protecting L.V.'s privacy. *Id*. at 9. Otherwise, the motion was not supported with factual examples of how disclosure would invade Petitioners' privacy, asserting instead the self-evident nature of the harm from publication, and arguing that it would be unfair to require them to substantiate the basis for their request. *Id*. at 3-4.

On March 18, 2016, Respondent filed a brief reacting to Petitioners' Motion. ECF No. 162 ("Resp."). Respondent essentially took no position as to whether redaction was appropriate or not, deferring resolution of the matter to my discretion. Resp. at 5. Respondent otherwise discussed the standards to be applied in weighing redaction requests based on two decisions addressing the matter at length. *See generally W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440, 456-57 (Fed. Cl. 2011) *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013); *Langland v. Sec'y of Health & Human Servs.*, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013); Resp. at 2. On March 28, 2016, Petitioners filed a reply, pointing out that Respondent had not actually opposed the relief sought in their motion. ECF No. 167 ("Reply") at 1. Petitioners otherwise reiterated their prior arguments that disclosure itself would be sufficiently harmful to Petitioners to justify redaction. *Id*. at 2-3.

I subsequently held a status conference with the parties, and thereafter asked Petitioners to file a declaration elaborating as to why redaction was appropriate under the circumstances. They filed this declaration on April 29, 2016, along with a copy of the Entitlement Decision setting forth the portions to be redacted. *See* Supplemental Submission, dated April 29, 2016 (ECF No. 169), and Declaration of E.V., dated April 29, 2016 (Ex. 199 (ECF. No. 169-2)). E.V.'s declaration provides detailed grounds for the redaction request; for example, she sets forth the Petitioners' concern that publication of their names in association with the Entitlement Decision could affect their interactions with L.V.'s school and its accommodation of his medical and developmental needs. *See, e.g.,* Ex. 199 at ¶¶ 16-18 and 22. The matter is now ripe for resolution.

## Analysis

I have previously discussed in other decisions the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally Lamare v. Sec'y of Health & Human Servs.,* No. 12-312V, slip op., at 2-4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*, 123 Fed. Cl. 497 (2015); § 12(d)(4)(B); Vaccine Rule 18(b). The Act provides for redaction from published decisions of certain categories of information – "medical files and similar files" – but only if the disclosure of such information would constitute a "clearly unwarranted invasion of privacy." Section 12(d)(4)(B). Although the Vaccine Rules make mandatory the redaction of a minor's name, adult petitioners' names (which are not similarly protected automatically) may also be redacted if the movant establishes proper grounds for so doing. *See generally W.C.*, 100 Fed. Cl. at 460-61 (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision); *A.K. v. Sec'y of Health & Human Servs.*, No. 09-605V, 2013 WL 322918, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2013) (same); *but see Langland*, 2011 WL 802695, at *7-8 (petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing).

As Respondent's brief notes, and as I have previously observed, *W.C.* and *Langland* stand as two somewhat-opposed interpretations of how strict the standard for obtaining redaction should be. *Langland* adopts a more stringent approach, while *W.C.* emphasizes a balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*, 100 Fed. Cl. at 460-61; *Lamare*, slip op. (Fed. Cl. Spec. Mstr. Oct. 30, 2015). In either case, however, a petitioner needs to make *some* showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call. *W.C.,* 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis added). I have permitted redaction in cases where such a specialized showing was made without reconciling these two competing standards or choosing one over the other. *See, e.g.*, *Lamare*, slip op. (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting petitioner's motion for redaction because disclosure of her injuries would cause her harm in the employment context); *S.B. v. Sec'y of Health & Human Servs.*, No. 14-918V, slip op. (Fed. Cl. Spec. Mstr. Feb. 9, 2016).

As supplemented by E.V.'s declaration, Petitioners have made an adequate showing for their redaction request. Moreover, Respondent offers no substantive objection to the relief sought herein. Accordingly, I will grant that portion of Petitioners' motion that requests redaction of their names and personal information from the Decision, and will identify them only as "Petitioners."[3]

---

[3] Exhibit 200 to the Supplemental Submission identifies the places in the decision where redaction is requested, but includes L.V.'s initials as one of the categories requested. I do not deem it appropriate to further redact this information, however, since it is consistent with the caption (which has already been redacted down to initials in

I do not, however, grant Petitioners' request to redact the case's index number. Pursuant to the Court of Federal Claims Rule 79(a)(2) and Vaccine Rule 16(a), **all** papers filed in the Court of Federal Claims must have the case number and be entered on the docket. *R.K. on behalf of A.K. v. Sec'y of the Dep't of Health & Human Servs*., 125 Fed. Cl. 276, 281 (2016) (denying redaction of case number despite allowing redaction of other information, and determining that party names would be changed to initials rather than given "Doe" designations); *see also Anderson v. Sec'y of Health & Human Servs.*, No. 8-396V, 2014 WL 3294656, at *4 (Fed Cl. Spec. Mstr. June 4, 2014). It is impossible to file documents in a Vaccine Program case without a case index number. Moreover, the request to redact the index number exceeds the Act's redaction provisions, which are limited to nondisclosure (in appropriate circumstances) of "medical files or similar files." Section 12(d)(4)(B).

The relief granted herein is provided reluctantly. Redaction is not an automatic right for all Vaccine Program claimants, and yet the Petitioners' initial motion was premised upon that false assumption (and even the declaration itself presumes in part that the mere disclosure that the Petitioners' claim was unsuccessful is harmful). *Pearson v. Sec'y of Health & Human Servs.*, No. 03-2751V, 2011 WL 4863717, at *5 (Fed. Cl. Spec. Mstr. Sept. 22, 2011) ("[p]etitioner's preference to keep his damages award private is not a sufficient reason to . . . justify redaction"). Moreover, this case is one of numerous similar cases asserting that a child experienced an ASD, or ASD-like developmental regression, after administration of a vaccine. Despite the heartache such parents may have experienced in addressing their children's developmental problems, and their good faith desire for privacy, redaction of autism decisions has been the exception in the Vaccine Program rather than the rule.[4] Counsel in such cases (as well as herein) should not expect that future requests for redaction will be similarly granted – especially if the Act's underlying bases for such relief are not met.

---

connection with the Vaccine Rules. *See R.K. on behalf of A.K. v. Sec'y of the Dep't of Health & Human Servs*., 125 Fed. Cl. 276, 281 (2016).

[4] In the past two years, there have been approximately twenty published Vaccine Program decisions that alleged autism as the injury and contained substantive, detailed discussions of the relevant child's medical history and references to the child's parents or guardians (who are more often than not the nominal petitioners in such cases). Only one, however – *R.K. v. Sec'y of Health & Human Servs.*, slip op., (Fed. Cl. Spec. Mstr. Dec. 1, 2015) – has been redacted. Although *R.K.* bears similarities to the present matter, in another, equally-similar case, *Anderson v. Sec'y of Health & Human Servs*., No. 8-396V, 2014 WL 3294656, at *4 (Fed Cl. Spec. Mstr. June 4, 2014), redaction of the same categories of information was denied. *Anderson,* 2014 WL 3294656, at *5-6. There is therefore no trend in favor on redaction.

## CONCLUSION

For the reasons set forth above, I hereby determine that Petitioners have established grounds for redaction of their names and personal information in the entitlement decision in this case, and I therefore **GRANT** the motion to that extent, but **DENY** the request to redact the case's index number. **The Clerk of this Court is hereby instructed to change the caption of this case to the caption above.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master